JOSEPH SMITH, PLAINTIFF, v. FRANK NICHOLSON, ET AL., DEFENDANTS.*

NICK M. BRADLEY AND E. C. LITTLEFIELD, INTERPLEADER, APPELLANTS. v. R. M. ROBERTSON, FRANK C. NICHOLSON, AND JOSEPH SMITH, INTERPLEADERS, RESPONDENTS.

Kansas City Court of Appeals. February 1, 1926.

*Corpus Juris-Cyc References: Appeal and Error, 4CJ, section 2552, p. 659, n. 59; Attorney and Client, 6CJ, section 424, p. 803, n. 6; Evidence, 22CJ, section 1093, p. 896, n. 81; Interpleader, 33CJ, section 9, p. 426, n. 99; section 16, p. 432, n. 67; section 20, p. 438, n. 26, 27; section 33, p. 451, n. 23; section 36, p. 452, n. 65.

*Nick M. Bradley* and *E. C. Littlefield* for appellants.

*R. M. Robertson* and *M. D. Aber* for respondents.

ARNOLD, J.—This is an action in equity wherein by interpleas the rightful ownership of an attorney's fee is sought to be determined.

The controversy arose in the case of Joseph Smith v. Frank C. Nicholson, et al., for damages for personal injuries. The facts disclosed are that on April 18, 1923, Joseph Smith was injured while in the employ of·defendant at their brick plant at Knobnoster, Johnson county, Missouri. In an attempt to adjust the claim for damages filed by Smith, it developed that defendants were protected by a policy of indemnity insurance issued by the U. S. Fidelity & Guaranty Company of Baltimore, Md. Through the local agent of the Guaranty Company, one Johnson of Warrensburg, Mo., the claim was brought to the attention of the proper officials of that company. After some ineffectual efforts to settle the claim out of court a suit was instituted in the circuit court of Johnson county, and before the cause was tried a settlement was effected and on November 24, 1924, by agreement of parties, judgment was entered for $500 for plaintiff. This judg-

ment was entered against Frank C. Nicholson and the case dismissed as to all other defendants.

On November 13, 1925, R. M. Robertson, an attorney at Warrensburg, Mo., served upon defendant Nicholson formal notice, in addition to having previously entered his name on the court records as attorney for plaintiff, of his claim of a lien against the cause for attorney's fee. After entry of the said judgment, Robertson, Bradley and Littlefield made adverse claims for the attorney's fee in the case. Thereupon, on December 10, 1924, defendant Nicholson filed his petition, or motion, in the cause asking that the respective claimants for the said fee be required to interplead to establish their respective rights in the premises.

The said petition, or motion, is formal and states that during the pendency of the trial of the case of Smith v. Nicholson, et al., plaintiff was represented by attorneys E. C. Littlefield and Nick M. Bradley; that said affiant is informed and believes that E. C. Littlefield holds a contract of employment as attorney in the cause, and that by said contract plaintiff has agreed to pay said Littlefield and Bradley one-half the amount received by the judgment; that said Bradley and Littlefield are claiming the same; that one R. M. Robertson has served notice in writing on defendant that said Robertson has a contract of employment with plaintiff; and that plaintiff has also agreed to pay said Robertson one-half of whatever amount might be recovered in the cause; that said Littlefield and Robertson each claim to have a lien upon said judgment for their respective attorney's fee. That plaintiff Smith, attorneys Littlefield and Bradley and said Robertson are all claiming said judgment, or a part thereof, each demanding payment of the same; that there is a controversy among said parties as to whom said judgment shall be paid, or what part thereof shall be paid to each of them; that because of this situation the defendant is in danger of having to pay said judgment, or a portion thereof, twice, and possibly three times. The court is asked to require the said Joseph Smith, E. C. Littlefield, Nick M. Bradley and R. M. Robertson to interplead herein in order that the court may determine and adjudge each and all the several interests claimed. Defendant also asks to be allowed to pay the sum of $548.95 into court for and in satisfaction of said judgment, to be distributed among said claimants as the court may determine and direct; that the defendant be allowed a fee of $50 for his expenses, costs and attorney's fee in filing said application, that the same be taxed as costs and paid out of the money paid into court.

On December 29, 1924, plaintiff Smith filed his motion asking that defendant's petition for interpleas be dismissed. The motion to dismiss was overruled by the court on December 29, 1924, and the petition, or motion for interpleas, was sustained and the parties ordered

to interplead. On the same day Robertson filed his interplea and on January 3, 1925, Littlefield and Bradley filed their joint interplea. The cause was tried on January 3, 1925, a jury being impaneled by the court to assist in determining certain questions of fact, as follows:

"First. Did plaintiff Joseph Smith employ as his attorney in his claim against Nicholson and others, Mr. R. M. Robertson, if so, did said R. M. Robertson render services to Mr. Smith.

"Second. If Mr. Smith so employed Mr. Robertson and he rendered service accordingly, then did Mr. Robertson employ Mr. E. C. Littlefield to assist as attorney in the case.

"Third. Did Mr. Smith, the plaintiff, employ Mr. E. C. Littlefield in the case independently of any employment through Mr. Robertson."

. Objection to the action of the court in submitting said questions of fact to the jury was made by Littlefield and Bradley, upon the ground that whether Robertson employed Littlefield to assist him is not an issue in the case. The objection was overruled.

At the close of the testimony, the jury returned their verdict on findings of fact, as follows: That Joseph Smith employed attorney R. M. Robertson and agreed to give him one-half of any proceeds recovered in the suit in question; that Joseph Smith employed R. M. Robertson on a contingent fee of one-half the amount recovered, and that thereafter attorney Robertson employed attorney Littlefield.

Upon this finding, the court entered of record the following judgment:

"Wherefore the court adjudges that the lien of R. M. Robertson for $250 of said $500 judgment be and is established; that defendant Frank C. Nicholson pay to said R. M. Robertson said sum of $250; that interpleaders Littlefield and Bradley recover nothing herein; that defendant Nicholson pay to said Smith the sum of $250 and all costs in said cause, except costs connected with this interplea; that said Littlefield pay all costs of said interplea; that defendant be allowed an attorney's fee of $25, and that on account of the jury having found that plaintiff Smith did not testify correctly as to his employment of attorney Robertson, said $25 fee is to be deducted from the said $250 to be paid said plaintiff."

Motions for new trial and in arrest of judgment were unavailing and Bradley and Littlefield appeal.

In support of their joint interplea said Bradley and Littlefield introduced in evidence the judgment of record in the original action, and also the written agreement whereby plaintiff employed E. C. Littlefield as his attorney to institute and conduct the suit. This agreement is in words and figures as follows:

"The undersigned, Joseph Smith, hereby appoints E. C. Littlefield, attorney at law, his attorney to institute and conduct in his behalf, a certain suit for damages against the Johnson County Brick Com-

pany, the estate of William J. Mayes, deceased, and Frank C. Nicholson, the lessee of the brick manufacturing plant, and factory of the said Johnson County Brick Company, or any other person, or party, who may be found to be liable to the said Joseph Smith, for injuries received by the said Joseph Smith, while working at the brick plant of the said defendants.

"The said Joseph Smith further agrees that the said E. C. Littlefield shall have and receive as compensation for the work of instituting and conducting the said litigation, one-half of any and all amounts received, whether by compromise and settlement or otherwise, or connection with the subject-matter of said action.

"The said Joseph Smith further represents and agrees that he has no contract or agreement with any other attorney, with reference to the said litigation, and that he has not consulted with any other attorney, with a view of instituting any action for the said damages for the said injury, and that no person has any authority to institute any action for the recovery of any damages for the said injury.

"In witness whereof, the said Joseph Smith has hereunto set his hand, this 28th day of July A. D. 1923.

"(Signed) JOSEPH SMITH."

Evidence also was introduced showing that Littlefield, with authority from plaintiff, employed Nick M. Bradley to assist in said prosecution. Testimony in behalf of Littlefield and Bradley further showed they prepared and filed the original petition in the case and conducted the matters in plaintiff's behalf which ended in the judgment for plaintiff as above detailed.

The testimony in behalf of interpleader Robertson showed that on May 22, 1923, plaintiff Smith called on Robertson at the latter's office in Warrensburg and consulted him professionally in regard to his claim for damages, and that he requested Robertson to investigate the matter with a view to filing suit in case a satisfactory settlement was not made. On said date Robertson made a memorandum in a book kept by him for such purpose, as follows:

"5, 22, 1923
"J. W. Smith    Damages—attend."

There was another entry in said book (also introduced in evidence) as follows:

"6, 6, 1923.
"J. W. Smith v. Nicholson, Lessor— 1/2 get nothing if don't win. Contract."

Robertson testified that pursuant to his engagement by Smith on May 22, 1923, he went to work at once on the case; ascertained the names of witnesses present when the injury occurred and persons con-

nected with and operating the brick plant, name of the indemnity insurer, its agent and physician, and other necessary information; that he conducted considerable correspondence with Nicholson and the Guaranty Company; that he had consultations with plaintiff and on one of these occasions took plaintiff to a physician (Dr. Patterson) in Warrensburg, and had the damaged finger examined with the view of determining whether the finger, in fact, was permanently injured. Robertson testified that on this occasion he (Robertson) told Dr. Patterson in the presence of Smith that he had been employed as attorney for Smith in the case. Dr. Patterson testified in corroboration of Robertson, excepting that he did not recall that Robertson stated he had been employed by Smith as attorney in the case. Plaintiff Smith testified to having consulted Robertson, but denied that he had employed him as his attorney.

Robertson testified that shortly after his employment by Smith, he had met E. C. Littlefield in Warrensburg and had employed him to see witnesses at Knobnoster, where Littlefield lived, and to block out the petition and send it to Warrensburg for filing; that Littlefield agreed to said employment, but witness heard nothing from him for sometime; that witness knew nothing of the filing of the suit until he discovered by the file docket of the circuit court that the petition had been filed and that it was signed by both Littlefield and Bradley. Robertson stated, further, that he had continued to look after the case as attorney for Smith, and when the return term of the court arrived, he entered his appearance in the case as plaintiff's attorney.

The local agent of the Guaranty Company, one W. F. Johnson, testifying for Robertson, stated that plaintiff had called at his office and there stated that Robertson was his lawyer, and that negotiations had been conducted with Robertson with such understanding. Witness was corroborated on this point by his son Lloyd U. Johnson who was present when Smith stated that Robertson was his attorney in the case.

Certain letters were introduced in evidence which passed between parties in the case and which tend to corroborate Robertson in his statement that he had been employed by Smith.

E. C. Littlefield denied on the witness stand that he had been employed by Robertson to aid him in the case. Smith, the plaintiff, also denied that he had employed Robertson. The testimony is flatly contradictory on this point.

The first point urged by appellants is that the court erred in overruling their motion to dismiss the order directing parties to interplead on the ground that statutory notice of lien claim was not served on the defendants, and for the further reason that defendant Nicholson did not deposit the funds in court.

As to the first of these objections, an examination of the petition, or motion, to require interpleas shows that it states a good cause of action. The legal requirements to maintain a bill of interpleader are that plaintiff must be a disinterested stakeholder, have control of the funds, must act in good faith and have a real doubt as to which of the claimants is entitled to the fund. [County Court v. Baker, 210 Mo. App. 65, 241 S. W. 447.] And the doubt as to the rights of claimants necessary to maintain a bill of interpleader may be either a question of law or fact. [*Id.*, and cases therein cited.] Appellants contend that the petition for interpleader does not state a cause of action. We hold this position to be untenable. Under the above ruling, there was no error in the action of the trial court in overruling appellant's motion to quash.

It is further objected that notice of lien claim was not served by Robertson on defendants. The record refutes this charge. Such a notice was introduced and received in evidence. This point therefore needs no further discussion.

It is also urged as error that defendant Nicholson did not deposit the funds in court, but has continued to hold the same. We have searched the record in vain for some positive evidence on this point. However, we hold it is not material where the money is, so long as it is in the control of either the court or defendant. [Bishop v. Rys. Co., 165 Mo. App. 226.]

It is urged that the interplea of R. M. Robertson, upon which the suit was tried, is materially defective in that it does not state facts sufficient to show a cause of action in his favor; that the court erred in overruling appellants' demurrer to the introduction of any evidence, and in overruling their motion for judgment on the pleadings; and in refusing their proffered instructions in the nature of demurrers.

Robertson's interplea alleges that notice of lien claim was given by him before judgment to defendant Nicholson, and this allegation is supported by substantial evidence. The interplea of Robertson further alleges that he was an attorney of record. [Taylor v. Transit Co., 198 Mo. 715.]

The statute provides (section 691, R. S. 1919) that such notice may be given either before action is brought or at any stage after the institution of suit or action; and when so served, it operates as a lien upon the claim or cause of action. [Wait v. Railroad, 204 Mo. 491, 103 S. W. 60; Yonge v. Transit Co., 109 Mo. App. 235, 84 S. W. 184.]

It is insisted that the court erred in admitting in evidence Robertson's memorandum of agreement showing that a contract of employment was entered into between plaintiff and Robertson. The testimony is to the effect that said memorandum was made concurrent with the verbal agreement. The law on this point is well settled and we must hold there was no error in this respect. [Schwall v.

Milling Co., 195 Mo. App. 89, 92, 190 S. W. 959; Lyons v. Corder, 253 Mo. 539, 550, 162 S. W. 606; Borgess Inv. Co. v. Vette, 142 Mo. 560, 568, 44 S. W. 750.]

Appellants contend there was no evidence to support the verdict and judgment as entered. Of course this objection follows the allegations of appellants in the motion for new trial and in arrest and presupposes they are right in their contentions and respondents wrong. As is required of us in equity cases, we have carefully read the evidence of record, and must hold that respondents' case was made by the pleadings and the evidence and that the verdict and judgment are amply supported thereby.

This ruling also covers appellants' remaining points of objection, viz., that the judgment is against the evidence, the weight of the evidence and the law under the evidence, and that the court erred in instructions given the jury on the court's own motion. As to the last point, the errors charged are not specifically pointed out, and our examination fails to disclose any error on the face of the instructions.

We hold there is no reversible error of record, the judgment is for the right party and is affirmed. *Bland, J.*, concurs; *Trimble, P. J.*, absent.