# TAYLOR v. ST. LOUIS MERCHANTS' BRIDGE TERMINAL RAILWAY COMPANY, Appellant.

### Division One, November 27, 1907.

1. **APPELLATE JURISDICTION: Constitutional Question: Waiver.** Where a constitutional question was lodged in the case by the answer, an appeal from a judgment is to the Supreme Court, and an order of the trial court sending it to a Court of Appeals is erroneous. And if it is sent there, appellant cannot, after an order is made transferring it to the Supreme Court, by its motion to vacate the order, in which it waives the constitutional question, vest the Court of Appeals with jurisdiction, for it never had jurisdiction.

2. **ATTORNEY'S LIEN: Act Constitutional.** The Attorney's Lien Act, Laws 1901, p. 46, is constitutional.

3. ———: **Notice: On Attorney.** Where a settlement is made of the cause of action after the suit was brought, a notice to defendant of the attorney's lien on the cause of action for his services, was not necessary. And in such case it is not necessary to determine whether or not a notice to defendant's attorney was sufficient and valid.

4. ———: **Notice Pleaded: Surplusage:** Where the petition states all the facts entitling plaintiff to recover under the Attorney's Lien Act, but in addition states one other unnecessary fact, namely, that he gave the notice required by section 2 of the act, when no notice was necessary, since the settlement was made after the suit was brought, he will not be required to sustain the sufficiency of his notice or fail in his suit, even though he tried the case on that theory below, but the unnecessary allegation will be treated as surplusage.

Transferred from St. Louis Court of Appeals.

AFFIRMED.

*J. E. McKeighan* and *William R. Gentry* for appellant.

(1) Service on the party himself must be had unless the attorney is mentioned in the statute. The fact that defendant was a corporation is no excuse for

serving defendant's attorneys rather than defendant. By a perusal of the statutes and the decisions of our courts construing them, it will be seen that wherever service on defendant is required the service must be the same as would be had in case of a summons instead of a notice. The same is true of corporations. There is no statute in this State authorizing service of a summons upon a corporation's attorney. The statute, section 995, Revised Statutes 1899, mentions the president, and says that if he is absent some other chief officer may be served, and if there is no chief officer in the county, then provision is made for service by leaving a copy at the usual business office with the persons having charge thereof. These are the only methods by which service can be had in cases where personal service is required. Cosgrove v. Railroad, 54 Mo. 495; Wilson v. Railroad, 108 Mo. 588; Conway v. Campbell, 38 Mo. App. 473. The Attorney's Lien Law does not say "upon notice to defendant or his attorney." Ryan v. Kelley, 9 Mo. App. 296; Williams & Pearson v. Dittenhoefer, 188 Mo. 134; Maxwell v. Railroad, 91 Mo. App. 582; O'Connor v. Railroad, 198 Mo. 645. (2) Plaintiff must stand or fall in the appellate court on the theory upon which he tried his case in the court below. Ellis v. Harrison, 104 Mo. 270; Tomlinson v. Ellison, 104 Mo. 105; Walker v. Owen, 79 Mo. 563. Plaintiff tried the case in the court below on the theory that notice was necessary and that he had given sufficient notice, and he based his action on the notice which he gave. He is now bound by that theory.

*Gerald Griffin* and *Howard Taylor* for respondent.

Was any notice of attorney's lien necessary to be given where the suit had been brought and both parties were in court by their attorneys? This question has been fully answered by the decisions of this court. Wait v. Railroad, 204 Mo. 491; Taylor v. Railroad, 198 Mo. 715.

GRAVES, J.—Plaintiff, A. R. Taylor, is and for many years has been an attorney at law in the State of Missouri, residing in the city of St. Louis. Defendant is a Missouri railway corporation. One Oscar F. Randolph had a cause of action against the defendant in this case for personal injuries. Randolph employed Taylor as his attorney, by a written contract in these words:

"This article of agreement made and entered into this May 31st, 1901, between Oscar F. Randolph, party of the first part, and A. R. Taylor, party of the second part, witnesseth that the said party of the first part has this day and by these presents employed the party of the second part to institute and prosecute an action for damages on account of personal injuries against the St. Louis Merchants' Bridge Terminal Railway Company. For his services in so instituting and prosecuting said action, the party of the second part is to receive one-third of whatever sum shall be realized out of said claim. And it is agreed that no compromise shall be made of said claim without the consent of both parties hereto."

Under this contract and in June, 1901, plaintiff herein brought suit for Randolph against the defendant herein. Defendant filed answer, and this plaintiff, for Randolph, filed reply. In fact he prepared the case for trial and appeared in it throughout as attorney for Randolph, making with counsel for defendant agreements and stipulations for continuances and change of venue. The venue of the Randolph case was changed from the city of St. Louis, the place of its institution, to Jefferson county.

On January 25, 1902, plaintiff, Taylor, served notice in form and manner as follows:

"Oscar Randolph v. St. Louis Merchants' Bridge

207 Sup.—32

Terminal Railway Company. To the above-named defendant, John H. Overall, attorney: You are hereby notified that the undersigned has a contract with Oscar Randolph, the plaintiff in the above-styled case, by which the undersigned is to receive as compensation for his services as attorney in prosecuting said claim one-third of whatever sum shall be realized out of said claim. You are further notified that the undersigned will assert his statutory lien on the cause of action set forth in said action.

"Dated this 25th day of January, 1902.

"A. R. TAYLOR.

"Copy received January 25, 1902.

"J. H. OVERALL,

"Attorney for defendant."

About May 12, 1902, over the protests of plaintiff in this action, the defendant settled the case with Randolph, paying him the sum of $2,500, and taking his release from all liability. Counsel for defendant had advised Mr. Taylor that the case would be settled; and requested his presence. Mr. Taylor was present and protested, because Randolph would not agree that he, Taylor, should have more than $250 out of the $2,500. Taylor objected to the settlement and demanded his one-third of the $2,500. Over the protests of Taylor the $2,500 was paid Randolph, and this action is to recover one-third of the $2,500 with interest thereon. The plaintiff had judgment for $926, and defendant appealed to St. Louis Court of Appeals, but upon motion of plaintiff the cause was transferred to this court upon the ground that a constitutional question was raised by the answer. There was such constitutional question in the answer, and after the St. Louis Court of Appeals had ordered the case here, the defendant filed a motion to have the order vacated, and in its motion waived the constitutional question, which motion to vacate was overruled. Such are the

facts of this case, both as to its merits, and its presence in this court.

I. Our first concern is as to the jurisdiction of this court. By answer in the circuit court, the defendant duly lodged a constitutional question in the cause. The cause was then tried upon that question as well as others. After trial an appeal was granted to the St. Louis Court of Appeals. Up to this time no steps had been taken to eliminate the constitutional question from the case. The act of the circuit court in sending the cause to the St. Louis Court of Appeals was erroneous upon the face of the record. The appellate jurisdiction was in this court, and not elsewhere. Upon attention being called to the condition of the record, the St. Louis Court of Appeals could do but one thing, and that was to order the case transferred to the appellate court having jurisdiction of such cases as was made by the face of this record. The jurisdiction is fixed by the character of the record at the time appeal is granted, and the record cannot be afterwards changed so as to change jurisdiction. The cause is rightfully here for determination.

II. By the answer defendant challenges the constitutionality of the Attorney's Lien Act, Laws 1901, page 46. At the time of this appeal the question had not been before this court. Since that time, each division, as well as the Court in Banc, has spoken on the question. [Taylor v. Railroad, 198 Mo. 715; O'Connor v. Railroad, 198 Mo. 622; Wait v. Railroad, 204 Mo. 491.] In each case above cited, the law is upheld. These cases settle this branch of the present controversy and we therefore rule this contention against defendant.

III. In the case at bar the settlement was made after the suit was brought. In such cases we have held that notice to the defendant was not required. [Taylor

v. Railroad, supra; Wait v. Railroad, supra.] Defendant here contends that service of the written notice upon John H. Overall, its attorney, was not service of notice upon it, but as we have held that in cases of this character, that is, cases where suit has actually been brought, no notice was required, a discussion of the validity of the service of this notice is not necessary. We are satisfied with the reasoning of BRACE, P. J., in the Taylor case, supra, and if this case falls fully within the terms of that opinion, it is controlled thereby. To that question we proceed next.

IV.  Defendant contends that inasmuch as plaintiff pleads that he gave the required notice called for by section 2 of the Attorney's Lien Act, and tried the case upon that theory in the court below, he cannot now say that no notice was required, and if there was no valid service of his notice, his action must fail. It will be observed that the petition in this case states all facts necessary to constitute a cause of action under section 1 of the Act of 1901, as we construed that section in the Taylor case, supra. The petition goes further however and states more, that notice was given. This notice pleaded was a notice given after suit was begun. In the Taylor case, supra, we held in division that no notice was required after suit was brought. The petition in the case at bar says that suit had been brought before settlement, and under the Taylor case, 198 Mo. 715, no notice of the lien was required. The ruling in the Taylor case was approved by the Court in Banc, in the Wait case, supra. We therefore have a petition, which states all the facts necessary to a recovery under a section of statute, but in addition states one other fact.

It is not necessary in the petition to state that the action is brought under a certain statute, but it is sufficient if the petition sets forth such facts as bring it within the statute.  And further, if, perchance, the

pleader sets forth more than is necessary to state his cause of action under the statute, such additional statements may be taken and considered as surplusage and a recovery had upon the petition remaining. This exact question was before this court in the case of Campbell v. Railroad, 121 Mo. l. c. 348. That case was to recover damages from defendant for the destruction of property by fire. The petition alleges negligence, as was usually pleaded in a common law action. It stated more than was necessary under the statute. We there said: "The petition charged that the fire causing the injury was permitted to escape through the negligence of defendant, and the court permitted a recovery under the statute without proof of negligence. Defendant assigns this action of the court as error in that it permitted a recovery upon a cause of action different from that charged in the petition. The petition states all the facts necessary to authorize a judgment under the provisions of the statute, and, in addition thereto, the allegation of negligence. By the statement of more than was required, plaintiff did not forfeit his right to recover upon proof of the facts he was required to state, and did state, in his petition. [Radcliffe v. Railroad, 90 Mo. 131; Morrow v. Surber, 97 Mo. 155.]" To the same effect is Walker Bros. v. Railroad, 68 Mo. App. l. c. 474.

Excluding the statement as to the service of notice, the petition in this case contains all the necessary averments to permit a recovery under section 1 of the Act of 1901. The evidence fully authorizes a recovery under that section, and the judgment in this case should be and is affirmed.

All concur.