## JOHN D. SMOOT et al., Appellants, v. SIMEON SHY, Respondent.

**St. Louis Court of Appeals. Submitted on Briefs May 4, 1911. Opinion Filed July 15, 1911.**

1. **ATTORNEY AND CLIENT: Attorney's Lien: Remedies.** While no provision is made by section 964, Revised Statutes 1909, for the enforcement of the attorney's lien created by it, the courts will look to the common law for an adequate remedy. The lien may be enforced by a motion to set aside satisfaction and to award execution to the extent of the lien, and where the proceeds of a judgment subject to the lien have been paid to another, the attorney may follow the same into the hands of such person. The lien may also be enforced against a party who has made a settlement in disregard of the attorney's contract, even though he has paid the claimant, provided he had notice, as required by section 965, but if the settlement was made after suit was brought, no notice was necessary.

2. ———: ———: **Notice: "Commencement of Action."** After the sale of certain real estate in partition, an attorney was employed to have the sale set aside and to procure a new sale, each of the owners agreeing to pay as a fee a percentage of his proportion of any increase obtained on resale. The sale was set aside and a new one ordered and the property was sold at an increase. Between the times of the two sales, the original purchaser, who became purchaser at the resale also, purchased the interests of two of the co-owners of the property, with notice of the attorney's contract. The purchaser refused to pay the attorney his fee in accordance with the contract made by the purchaser's assignors. In an

action against him by the attorney, *held*, that the filing of the motion to set aside the original sale was the "commencement of an action," within section 964, Revised Statutes 1909, and, therefore, although no written notice of the attorney's lien was given, as provided by section 965, plaintiff was entitled to enforce his lien, whether the purchaser paid the full amount of his bid into court or deducted therefrom and retained the amount due his assignors.

3. GUARDIAN AND WARD: Pleading: Contract for Ward: Attorney and Client. In a suit to enforce an attorney's lien against the proceeds of a sale of certain property in partition, a petition alleging that the purchaser received the interest of certain minors, pursuant to an assignment by their guardian *pendente lite*, and that plaintiff's contract for fees, so far as such minors were concerned, was duly and legally made for and on their behalf by their father, who was their guardian and curator, was not demurrable for failure to allege that the curator was authorized by the probate court to make the contract with plaintiffs as to their fees, that being a matter of proof.

Appeal from Pike Circuit Court.—*Hon. David H. Eby,* Judge.

REVERSED AND REMANDED.

*J. D. Hostetter, Smoot & Smoot* and *J. O. Boyd* for appellants.

(1) Appellants had a contract for a percentage of the benefits accruing to their clients because of the successful prosecution of the action to set aside the first sale and said contract was for services not restrained by law and became a lien on said cause of action, and appellants are entitled to relief in this action against respondent as being the person who deforced their lien. Taylor v. Transit Co., 198 Mo., 715; Wait v. R. Railroad, 204 Mo. 491; Taylor v. Railroad, 207 Mo. 49. (2) The Attorney's Lien Statute, under which this action is brought, is remedial in nature and to be liberally construed. Secs. 964 and 965, R. S. 1909; Wait v. Railroad, 204 Mo. 491.

*D. A. Ball* for respondent.

REYNOLDS, P. J.—Under an order of sale made by the circuit court of Pike county, in a suit for partition of real estate there pending, the property was bid off by one Simeon Shy, respondent here, for the sum of $8300, or at the rate of $41.59 an acre. On the report of the sale coming in, all the parties to the action objected to the confirmation of the sale on various grounds, and moved to set it aside. The motion was filed on behalf of all the parties of record to the action in partition, by plaintiffs here, a firm of lawyers who became attorneys of record in the cause so far as involved the matter· of the motion, although they had not previously been attorneys of record in the action for partition itself. Mr. Shy, who is the respondent in the case before us and who was the purchaser at that sale, appeared in opposition to that motion, being represented by his own attorneys. On hearing the motion was sustained and the sale was set aside. Whereupon Mr. Shy, through his attorneys, filed a motion to vacate that order and this latter motion being overruled, he prosecuted his appeal to the Supreme Court ·of this state. There the cause coming on for hearing on that appeal, the appeal was dismissed. [See Thomas v. Elliott; Simeon Shy, appellant, 215 Mo. 598, 114 S. W. 987.] The action of the circuit court in setting aside the sale consequently stood, and a new sale being ordered, the property was again put up and on the second sale, Mr. Shy again being purchaser, it brought $13,500, or $67.50 per acre; that is an increase of $5200 on the whole tract, or $26 per acre.

Plaintiffs, under their firm name of Smoot, Boyd & Smoot, had acted in the matter of filing the motion to set aside the sale and in following the case to the Supreme Court as attorneys for and in behalf of all the owners of the property. They did this under a

contract with all the parties to the partition, under and by the terms of which it was agreed that if they succeeded in bringing about an order disapproving the sale and in procuring an order for resale, they should receive for their services, from each of the parties, out of the proceeds of the resale, twenty per cent of the amount the land brought at the resale in excess of the original price, that is in excess of $41.50 per acre, each interest agreeing to pay that out of its share. That is to say, plaintiffs took up the matter of setting aside the first sale and procuring an advanced price at a resale, on a contingent fee of twenty per cent of whatever the land should sell for on a resale, if it sold at a price in excess of $41.50 per acre, the owners of each one-seventh severally agreeing to this. There were seven interests in the estate, one of these sevenths being held by four minors, the Williams children, the contract on behalf of the minors with plaintiffs for their services as attorneys being made for them by their father, who, as it is alleged, was also their duly qualified and acting guardian and curator and authorized to make the contract. Another seventh was held by one Laura A. Elliott. The twenty per cent contingent fee which plaintiffs were entitled to receive was $148.50 on each seventh interest, that sum being twenty per cent of the excess which each seventh interest realized in consequence of the resale over what would have been realized on the first sale. This resale, it should be added, was approved by the court and the proceeds paid out to the parties according to their respective interests. These matters being averred, it is further averred in the amended petition that while the cause was pending on the appeal taken by Shy to the Supreme Court, Shy had purchased the one-seventh interest of Laura A. Elliott and also the one-seventh interest of the minor children, it being averred that he had made that purchase from their guardian,

Mr. Thomas Williams. Both of these parties, it is averred, had entered into the contract before named with these plaintiffs, the one for himself, the other for his children and wards. It is further averred that Shy had made these purchases with full knowledge of the terms and conditions of the employment of these plaintiffs and that he was notified of the contract and the nature of the contract existing between plaintiffs and Laura A. Elliott and Williams, as guardian, but that notwithstanding his notice and knowledge of the contract of employment and the terms and conditions thereof, Shy had received on a final distribution of the proceeds of the resale, the full shares of Laura A. Elliott and of the Williams children, as purchaser of their interests pending the appeal to the Supreme Court, which amount had been paid over to him by order of the circuit court, but had declined and refused to carry out the contract made by these two parties with plaintiffs and refused to pay them their fee, as above, and that neither Laura A. Elliott nor the Williams children or their guardian had paid the fee of plaintiffs. It is averred that the contract between plaintiffs and the guardian and curator of the four Williams children had been duly made and entered into by and between plaintiffs and this guardian and that that contract was duly and legally made for and on behalf of the minors by their father and guardian and curator. Plaintiffs demanded judgment against defendant Shy for the twenty per cent on the excess realized by these two parties, amounting to $297 from both of them.

The petition, being an amended one, was demurred to on the ground that it did not state facts sufficient to constitute a cause of action against defendant.

The demurrer was sustained and plaintiffs electing to stand on their amended petition, judgment followed in favor of defendant and against plaintiffs. From

that judgment plaintiffs have duly perfected their appeal to this court.

The error assigned is on the action of the circuit court in dismissing the petition.

The learned trial court seems to have proceeded on the theory that plaintiffs could not recover in this suit for lack of averment of a written notice provided by section 965, Revised Statutes 1909. If that is the theory upon which the court proceeded, it was error. While section 965 contains provisions for notification by the attorney of his claim to a lien on the cause of action, section 964 contains no such provision. That section seems to have been overlooked by the learned trial court. It is a very clear as well as positive enactment, reading: "The compensation of an attorney or counsellor for his services is governed by agreement, express or implied, which is not restrained by law. From the commencement of an action or the service of an answer containing a counterclaim, the attorney who appears for a party has a lien upon his client's cause of action or counterclaim, which attaches to a verdict, report, decision or judgment in his client's favor, and the proceeds thereof in whosesoever hands they may come; and cannot be affected by any setlement between the parties before or after judgment." It has been held in several cases by the Supreme Court and by our appellate courts, that while no provision is made by this section for the enforcement of the lien, the courts will look to the common law for an adequate remedy and that if "the judgment is paid in disregard of the attorney's rights, one of his remedies is to move the court to set aside the satisfaction and award execution to the extent of his lien." [See Wait v. Atchison, T. & S. F.R. Co., 204 Mo. 491, 103 S. W. 60; Young v. Renshaw, 102 Mo. App. 173, 76 S. W. 701; Yonge v. St. Louis Transit Co., 109 Mo. App. 235, 84 S. W. 184; Curtis v. Metropolitan St. R. Co., 118 Mo. App. 341, 94 S. W. 762.] But that is not

the only remedy. While it is held in Wait v. Railroad, supra, that equity will interfere where there is no adequate remedy at law, and that one remedy is to move to set aside the satisfaction and award execution to the extent of his lien, that is not the only remedy that the party defrauded of his right may have, as will be seen by reference to the above and following cases. Beyond all question, the statute provides that the proceeds of a judgment which have been paid over may be followed into the hands of the party who has received them; under the statute, the lien follows the proceeds of the judgment "in whosesoever hands they may come." It may even be enforced against the party who has made the settlement and who has disregarded the contract, even if that party has paid off the claimant, providing he had notice as provided by section 965. Here this defendant is the one who collected the share of the judgment awarded to his assignors; he is the one into whose hands the amount awarded has come; he is the one whom these plaintiffs are seeking to charge as the party who has the benefit of the legal services of these plaintiffs. They are undoubtedly entitled to do so under the provisions of section 964.

It is averred in the petition that the proceeds of this sale came into the hands of this defendant by virtue of his purchase of the two interests mentioned after the suit was brought, that is, after the motion was made for setting aside the sale. That motion was, under the facts here, the real matter in controversy involved in this particular case. To all intents it was the "commencement of an action" within the provisions of section 964. Our Supreme Court has held in several cases, commencing with that of Taylor v. Transit Co., 198 Mo. 715, 97 S. W. 155, and down to Taylor v. St. Louis Merchants' Bridge Terminal Ry. Co., 207 Mo. 495, 105 S. W. 740, that where the settlement is made of a cause of action after suit brought,

notice to defendant of the lien is not necessary; that the attorney may sue for his fee and may hold any party into whose hands the proceeds realized on the judgment have come, without giving notice. It is further there held that this lien attaches to and follows the proceeds derived by a client from a settlement of a cause of action even though that cause never reaches a verdict or judgment and the suit was in the name of a third person. It is true that the attorneys who are plaintiffs in this case were not attorneys of record in the partition action itself when that was instituted, but beyond controversy, they were the attorneys of record in the only matter that appears to have been in controversy or in issue as between the defendant here and the parties to that litigation; that is, the controversy between this defendant Shy and the owners of the real estate as to whether the first sale made to him should stand. As to that controversy, these plaintiffs were the attorneys of record, representing the interests antagonistic to defendant Shy and he is charged with notice of that fact. Mr. Shy was himself a party of record to that proceeding. If, by puchase of the interests, or by paying into court the whole amount of the bid to the use of the parties in interest in the partition proceeding, he did so without providing for the clearing off of the lien which under section 964 is given to those plaintiffs and of which he is charged with notice, he did so at his peril. Whether he paid into court the full amount of his bid or kept in his own pocket the amount due his assignors, is immaterial. In either case he paid off and discharged the judgment by which the proceeds of the land were distributed among the parties in interest, and when he did so, he did it at his peril as against the claims of these plaintiffs, who as attorneys of record in that proceeding are entitled to their lien. Under this view of the law the amended petition in this case

states a cause of action and was not subject to the demurrer which was interposed.

It is said in argument by the learned counsel for respondent that it is not averred that the guardian of the Williams children was authorized by the probate court to make the bargain or contract with the plaintiffs as to their fees. That was not a necessary averment. It is alleged that the contract made between that guardian and plaintiffs "was duly and legally made for and on behalf of said minors by their said father and guardian and curator." That can only mean that it was made either under his authority as father and guardian or by authority of the probate court. In either case, or however that may be, this petition is not demurrable for lack of an averment of authority on the part of the guardian and father to make the contract. The authority is a matter of proof. The judgment of the circuit court in sustaining the demurrer and dismissing plaintiffs' action is reversed and the cause remanded. *Nortoni* and *Caulfield, JJ.,* concur.