## MIDLAND VALLEY R. CO. v. LYNN.

No. 2568.    Opinion Filed September 9, 1913.

(135 Pac. 370.)

1.  TRIAL—Motion for Directed Verdict—Effect. A motion by each party that a verdict be directed in his favor cannot alone be construed as a waiver of the right to have the facts passed upon by the jury, or an agreement to submit them to the trial judge in case the motion is denied.

2.  RAILROADS — Fires—Liability.   Section 66, Comp. Laws 1909 (Rev. Laws 1910, sec. 114), makes railroads liable, without proof of negligence, for property injured or destroyed by fire set by their locomotives.

3.  SAME—Damage by Fire—Negligence—Pleading and Proof. The fact that the petition unnecessarily charges negligence does not prevent a recovery under the statute without proof of negligence.

4.  INDIANS—Lands—Damage to Crops — Right of Recovery—Person Holding Under Void Lease. Where the plaintiff is in actual possession of a tract of land, although under a void lease, and a railroad company, in violation of the statute, set fire to and destroyed a matured meadow on said land, the right of plaintiff is sufficient to sustain an action for the value of said matured hay or meadow.

(Syllabus by the Court.)

*Error from County Court, Osage County;*
*C. T. Bennett, Judge.*

Action by John P. Lynn against the Midland Valley Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*Edgar A. De Meules* and *Sol. H. Kauffman,* for plaintiff in error.

*Grinstead, Mason & Scott,* for defendant in error.

HAYES, C. J. This case was brought originally by defendant in error, hereinafter called plaintiff, in one of the justice of the peace courts of Osage county, against plaintiff in error, hereinafter called defendant, to recover damages in the sum of $100, caused by fire set to plaintiff's meadow or grass by one of defendant's railroad engines. An appeal was prosecuted from the justice court to the county court, and from a judgment in that court in favor of plaintiff for the amount sued for, this appeal is prosecuted.

The cause was tried in the county court upon the pleadings filed in the justice court. Plaintiff alleges in his petition that on the 25th day of July, 1910, he was the owner and in possession and control of all the meadow and prairie grass then growing and situated on certain described land, adjacent and contiguous to defendant's line of railroad; that on said date defendant, while operating its trains and engines on and over its line of railroad, managed its trains and engines negligently and carelessly, and failed and neglected to employ suitable means to prevent the escaping of fire therefrom, and by reason thereof, fire escaped from its engine, and set fire to plaintiff's meadow and prairie grass then growing on this land. Defendant's answer consists of a general denial, and the further allegation that plaintiff has no right, title, or interest in and to the land described in the petition, or to the grass thereon alleged to have been destroyed. Both parties filed written motions, requesting the court to instruct peremptorily the jury to return a verdict in his favor.

The first assignment urged for reversal of the cause complains of the submission of the case to the jury, upon the ground that by both parties having moved the court for a peremptory instruction, trial by jury was waived. This contention is, in effect, settled against defendant by *Farmers' National Bank of Tecumseh v. McCall,* 25 Okla. 600, 106 Pac. 866, 26 L. R. A. (N. S.) 217. Counsel for defendant suggest that the above case is not in point. because the motions in that case for peremptory instructions were oral. It is true that in the opinion the motions were referred to throughout as verbal, meaning thereby that they were made orally; but we do not understand that the conclusion was based upon so limited a reason; for, in the beginning of the discussion upon this question, Mr. Justice Williams, who delivered the opinion of the court, said:

"Counsel for defendant in error in his brief insists that, each party having asked for peremptory instructions, it had the effect of taking the case out of the hands of the jury and leaving it to the court, and, in that event, if it became necessary for the court to weigh conflicting evidence, that then the giving of the peremptory instruction in favor of defendant in error was without error * * * There are some authorities that support this conclusion, but we decline to follow same."

Thereupon the Justice enters into a discussion of section 20, article 7, of the Constitution, which authorizes a party to waive the right of a trial by jury, and reference is made to section 5808, Comp. Laws 1909 (Rev. Laws 1910, sec. 5016), providing the methods by which a trial by jury may be waived, and he concludes the opinion with this statement:

"The moving for peremptory instruction by each side in this case cannot be fairly inferred to come within such rule. There is nothing in the record in any way to show that it was the intention of the party thereby to waive a jury."

We understand the declaration of the court in that opinion to be that a request by a defendant for peremptory instruction, followed by request from plaintiff for a peremptory

instruction in his favor, will not be construed as impliedly consenting to a trial without a jury, in the event the court determines that plaintiff is not entitled to an instructed verdict; but, if it amounted to a consent, such motions would have to be, if made orally, reduced to writing and filed or preserved upon the journals. As stated in that case, there are authorities that support the defendant's contention that a motion by each party for a directed verdict constitutes a consent to a trial before the judge; but the reasons why such a motion should not be construed as an agreement to submit the issue to a trial judge, in case the motion be denied, have been stated satisfactorily to us in *Stauff v. Bingenheimer*, 94 Minn. 309, 102 N. W. 694, in the following language:

"It would be a strained and unjust construction to hold in such a case that the party first making the motion thereby admitted that, if his own motion be denied, the motion of his adversary should be granted, or that he waived a jury trial, and consented that the trial judge might decide the case in accordance with the preponderance of the evidence. It cannot be fairly assumed, from the mere fact that a party makes a motion or request for a directed verdict in his favor, that he concedes anything except for the purpose of his motion. He admits for such purpose the credibility of the evidence against him, and every fact and inference which may be fairly drawn therefrom in favor of his adversary. If, however, upon such concession, the court rules that the party making the motion is not, as a matter of law, entitled to a verdict in his favor, and he does nothing to waive his rights except to make the motion, it is then the duty of the court to submit the case to the jury, unless the opposite party is, upon the evidence, as a matter of legal right, entitled to a verdict in his favor."

Defendant urges that its motion for peremptory instruction should have been sustained, for the reasons: First, that the evidence fails to establish that the fire was negligently set by its engine; and, second, because it is shown that plaintiff was in possession of the premises on which the grass and meadow was situated under a void lease, and was without title in the land, or to the meadow. In his petition plaintiff

alleges that the fire was negligently and carelessly set, and states the particulars of the negligence to the extent that he alleges that defendant failed to employ suitable means to prevent the escape of fire from its engines. On the trial he contended himself with the introduction of evidence establishing that the fire was set by the engine of defendant, and made no attempt to establish that it was negligently done. By section 66, Comp. Laws 1909 (Rev. Laws 1910, sec. 114), any railroad company operating any line in this state is made liable for all damages sustained by fire originating from operating its road, whether such fires are caused by negligence or not; and defendant concedes that, under this statute, an allegation of negligence is not essential to state a cause of action, but that plaintiff, having alleged that the fire was negligently set, must prove negligence in order to be entitled to recover. In support of this contention, defendant cites *M., K. & T. Ry. Co. v. Garrison,* 66 Kan. 625, 72 Pac. 225, as being in point. In that case plaintiff alleged that his damages resulted from a fire carelessly and negligently set in the operation of defendant's railroad. The trial court overruled a motion of the railroad company to require plaintiff to make his petition more definite and certain by specifying the negligence or carelessness from which the fire resulted. The overruling of this motion was held by the Supreme Court to be reversible error, the Chief Justice and one of the Associate Justices dissenting. But the statute involved in that case is unlike the statute of this state, in that by the statute of Kansas it is provided that in all actions against any railroad company for damages by fire it shall be necessary for the plaintiff to establish only the fact that the fire complained of was caused by the operation of the railroad and the amount of his damages, which proof is by the statute made *prima facie* evidence of negligence. This statute does not make the railroad company liable where there is no negligence, but makes the establishment of the facts of the fire caused by the operation of the road *prima facie* evidence

of negligence, and casts the burden upon the defendant to disprove negligence. In other words, all that that statute does is to change the rule of evidence; not the grounds of liability. But under the statute of this state, the common-law rule of liability for damages by fire is changed, and it is not necessary for plaintiff to establish negligence in order to recover, nor can defendant escape liability by establishing the fact that there was no negligence. The statute supplants the common law, for it not only renders the railroad company liable in every instance in which it would be liable at common law, but also for fires not included by the common law. The petition states a cause of action under the statute when it alleges that the fire was caused by the operation of defendant's railroad. The allegation of negligence is mere surplusage. Because he states more in his petition than was necessary, he cannot be required to produce proof commensurate with his redundant allegations in order to recover. If negligence was essential to a recovery, then plaintiff would be required to prove the negligence alleged; but negligence was not essential, and, having pleaded it, he did not forfeit his right to recover upon the facts which, under the statute, he is required to state and did state in his petition and prove. Campbell v. Mo. Pac. Ry. Co., 121 Mo. 340, 25 S. W. 936, 25 L. R. A. 175, Am. St. Rep. 530; Taylor v. St. Louis Merchants' Bridge Terminal Ry. Co., 207 Mo. 495, 105 S. W. 740.

It is established by the stipulation of the parties that at the time of the fire plaintiff was in the use, occupancy, and control of the property on which the meadow was situated, under a contract with one Tom West, who was a member of the Osage Tribe of Indians, and who owned the premises as his allotment; that the contract between plaintiff and the allottee had never been approved by the Secretary of the Interior; that plaintiff had paid to the allottee all rents for plaintiff's use and occupancy of the land; and that his use and occupancy thereof had not been interfered with by the allottee or any other person. The uncontradicted evidence of

plaintiff further establishes that his lease was for a term of two years, that at the time of the trial, which occurred in January after the fire in the preceding July, plaintiff had been in possession of the premises for a period of one year, and that his rights thereto had been recognized at all times by the allottee, and that he was entitled to the meadow destroyed. By Act of Congress, approved June 28, 1906 (chapter 3572, 34 St. at L. p. 539), all leases given on lands for the benefit of the individual members of the Osage Tribe of Indians are required to be approved by the Secretary of the Interior; and it is conceded by both parties that the contract between plaintiff and the Indian allottee is, as between them, void. For this reason, defendant insists that the only person, if any one, who can recover in this action is the Indian allottee.

This question, we think, has been determined against defendant's contention by a former adjudication of this court in *Holden v. Lynn,* 30 Okla. 663, 120 Pac. 246, 38 L. R. A. (N. S.) 239. That case was an action of trespass, brought against the owner of cattle which had broken through plaintiff's fences and destroyed his crop of corn, which was cut and standing in shocks in the field. This court held that the trial court committed no error in rejecting evidence offered for the purpose of proving that the corn was grown under a lease and stood upon an Indian allotment, void because not approved by the Secretary of the Interior. Counsel for defendant have attempted to distinguish the Holden case from the case at bar by calling attention to the fact that in the Holden case the property destroyed consisted of annual crops grown by the labor and cultivation of plaintiff, and that it had been severed from the soil and was therefore personal property; whereas, in the instant case, the meadow was still standing upon the soil, unsevered, and was therefore a part of the realty. But the rule upon which the decision in the Holden case is based is not so restricted. It rests upon the elementary principle that possession alone is adequate as

against a mere intruder or trespasser to entitle the possessor to recover damages done to his possession; and the plaintiff who has suffered injury to his possession from the trespass may recover, whether the damage be to personal property upon the premises or to the realty.

In *New Windsor v. Stockdale*, 95 Md. 196, 52 Atl. 596, it was said:

" 'Where the plaintiff is actually in possession in person or by his agents or servants, but without title, as, for example, under a void or parol lease, and the defendant is a mere wrongdoer, entering without right,' the bare possession is sufficient to sustain the action."

In the case just cited, the officers of a municipal corporation moved the steps and other structures erected by a party in an alley, adjoining a house situated upon land to which it had no title, and of which the city was not an owner. It was held that plaintiff could recover.

*Nelson v. Mather*, 5 Kan. 152, is a case in point. In that case plaintiff was in possession of a tract of land under a deed executed by an incompetent Wyandotte Indian, who had received his allotment with the condition that he could not dispose of same until he got the consent of the Secretary of the Interior, and such consent had not been given. Defendant had committed trespass upon plaintiff's possession by cutting and removing therefrom timber, without any claim of right to do so. It was held that plaintiff could recover his damages. In the opinion the court said:

"The proposition that a party in possession of real estate can maintain trespass, *quare clausum fregit*, against a mere wrongdoer, for any injury to his possession, is too well settled to be controverted. It is true that the measure of his damages will depend upon the nature and extent of his interest in the premises. If he has no interest in the land, he could recover nothing for any injuries to the land. If he has no interest in the timber, he could recover nothing for any injuries to the timber. In such cases, he could recover merely nominal damages for the disturbance of his possession. But in this case, the plaintiff is not only in pos-

session, but he claims to be the owner of the land, and has color of title thereto, and however defective his title may be, yet for the purposes of this suit he must be deemed to be the real owner of the premises, and may recover not only for the mere disturbance of his possession, but may also recover for all injuries to the inheritance."

In the case at bar, plaintiff is in possession under a lease, the validity of which defendant cannot question, that entitled plaintiff to the meadow destroyed; and he may recover his damages resulting from a loss thereof.

Objection is urged to the admission of certain testimony relative to the amount of plaintiff's damage; but, assuming that sufficient exceptions were taken to the admission of this testimony to entitle the same to be considered on assignment, and that error was committed, it is not, in our opinion, reversible error, for the reason that plaintiff in error raised no issue in the court below as to the value of the hay destroyed, and offered no evidence tending to contradict competent evidence of defendant in error on that point, which is sufficient to sustain the verdict of the jury.

Finding no error in the record requiring a reversal of the cause, the judgment of the trial court is affirmed.

All the Justices concur, except WILLIAMS, J., not participating.