## HOGAN v. MILBURN.

No. 4050.   Opinion Filed January 26, 1915.

(146 Pac. 5.)

1.   **JURY—Right to Jury Trial—Waiver—Motion for Directed Verdict.** The fact that the plaintiff and defendant each moves the court to direct a verdict in their favor does not constitute a waiver of trial by jury upon the part of either.

2.   **TRIAL—Direction of Verdict—Conflicting Evidence.** Where

there is any controverted question of fact before the jury, it is error for the court to direct a verdict.

(Syllabus by Rittenhouse, C.)

*Error from District Court, Garvin County;*

*R. McMillan, Judge.*

Action by L. J. Milburn, trustee in bankruptcy of Dobyns & Caperton, bankrupt, against J. A. Hogan. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*Yerker E. Taylor,* for plaintiff in error.

*S. T. Bledsoe,* for defendant in error.

Opinion by RITTENHOUSE, C. The firm of Dobyns & Caperton was adjudged a bankrupt in the District Court of the United States for the Eastern District of Oklahoma on the 9th day of February, 1910, and L. J. Milburn, trustee, on April 4, 1910, instituted this action against J. A. Hogan, alleging that on January 22, 1910, and within four months prior to the adjudication in bankruptcy of the firm of Dobyns & Caperton, and while said firm was insolvent and unable to meet and discharge its obligations in full, the defendant, J. A. Hogan, received a preference from said firm, the receipt of which, if the same be permitted to stand, will give the said J. A. Hogan, one of the creditors, a greater per cent. of his claim than will be received by other creditors; that, at the time of receiving said preference, the firm was insolvent, which fact was well known to J. A. Hogan, who at the time he received such preference had reasonable cause to believe that it was intended thereby to give him a preference over the other creditors to the amount of $500, and alleging that the trustee demanded a return of said sum, which was refused. Answer was filed, in which J. A. Hogan alleged: (1) That the firm of Dobyns & Caperton was not insolvent on January 22, 1910; (2) that he had not received a preference from said firm; (3) and that he had no reasonable cause to believe that the payment of $500

made to him was intended to give a preference. Trial was had to a jury and evidence offered tending to show that the firm of Dobyns & Caperton was solvent on the date of the alleged preference, and that J. A. Hogan did not have reasonable cause to believe that the payment of $500 was intended thereby to be a preference. After the evidence was introduced, plaintiff requested the court to direct a verdict in his behalf, and defendant made a similar request that a verdict be directed for defendant, whereupon the court instructed the jury:

"Gentlemen of the jury you have heard the testimony in this case. There is really hardly a necessity for a jury, but I rarely deny a jury to the parties when they ask it. The court has got decided views on this case. He thinks they are right. He knows they are honest, and the right to appeal always follows a decision from this court. After an investigation of this case, the court feels authorized to tell you to render a verdict in this case on behalf of the plaintiff."

Exceptions were taken and allowed by the court on this ininstruction. The jury returned a verdict in favor of plaintiff for $500.

The court evidently had in mind that, because both parties moved the court to direct a verdict, it was equivalent to a consent by both parties that a trial by jury was waived, as the court said just prior to giving the instruction, "Well, if both of you ask for it, I will direct a verdict." It was held in *Farmers' National Bank of Tecumseh v. McCall*, 25 Okla. 600, 106 Pac. 866, 26 L. R. A. (N. S.) 217, and in *Taylor v. Wooden et al.*, 30 Okla. 6, 118 Pac. 372, 36 L. R. A. (N. S) 1018, that the moving for a peremptory instruction by each side cannot be fairly inferred to come within the rule that the parties had waived a trial by jury.

It was alleged in the petition that the bankrupt firm was insolvent at the time of the alleged preference, and that J. A. Hogan had reasonable cause to believe that the payment of $500 was intended thereby to give him preference. On the trial of the issues in this case there was evidence tending to show that the

firm of Dobyns & Caperton was not insolvent on the 22nd day of January, 1910, the date on which the alleged preference was made, and there was also evidence tending to show that J. A. Hogan did not have reasonable cause to believe that the payment was intended thereby to give him a preference. These questions, therefore, were controverted questions of fact, which the defendant was entitled to have submitted to a jury.

This court held in the case of *Kentucky Bank & Trust Co. v. Pritchett et al., ante,* 143 Pac. 338, that whether the bankrupt was insolvent at the time of the conveyance to T. W. Pritchett, and whether he, as transferee, had reasonable cause to believe that the conveyance was intended thereby to give a preference, were questions of fact and were in that case determined by the finding by the court.

The court, therefore, erred in refusing to submit to the jury the question as to whether the firm of Dobyns & Caperton was insolvent on January 22, 1910, and whether J. A. Hogan, the defendant, had reasonable cause to believe that the payment of $500 was intended thereby to give a preference.

The cause should, therefore, be reversed and remanded.

By the Court: It is so ordered.