## MID-CONTINENT LIFE INS. CO. v. TACKETT.

No. 19401.  Opinion Filed Nov. 18, 1930.

Rehearing Denied June 9, 1931.

Rittenhouse, Lee, Webster & Rittenhouse, for plaintiff in error.

Foster & Billings, for defendant in error.

REID, C.  The plaintiff brought this suit against the defendant to recover as the beneficiary of an insurance policy issued on the life of her father, James Wright Tackett, by the defendant, dated January 22, 1923, for the sum of $1,500.  On the trial there was a judgment for the plaintiff, and defendant appealed.

The defendant first assigns as error the fact that the court overruled its demurrer to plaintiff's petition.

The petition, in an amplified form, alleged the issuance of the policy for $1,500 by the defendant on the life of James Wright Tackett; that plaintiff was his daughter and the beneficiary named in the policy; alleged that, in March, 1925, the insured became permanently and totally disabled on account of intestinal tuberculosis, and was not thereafter able to perform any work or earn any wages or compensation; and that such condition existed to the time of his death on April 9, 1926, and that during such period of disability, and up to the time of his death, the policy was in effect; pleaded the policy as an exhibit, and further, "plaintiff alleges that the insured and plaintiff had fully performed all that was required to be performed on their part," and further alleged nonpayment after due demand.

Section 301, C. O. S. 1921, provides:

"In pleading the performance of conditions precedent to the contract, it shall be sufficient to state that the party duly performed all the conditions on his part; and if such allegations be controverted, the party pleading must establish, on the trial, the facts showing such performance."

Cooley's Brief on Insurance, vol. 7, p. 5902, says:

"Under statutory provisions, providing that a performance of conditions precedent may be pleaded by alleging generally that the party performed all the conditions on his part, the specific facts constituting performance need not be set out, but a general allegation will be sufficient."

The specific allegations of the petition, together with the general allegations we have quoted, made the petition good as against the demurrer. Insurance Co. v. N. A. Cochran, 59 Okla. 200, 159 Pac. 247; American National Insurance Co. v. Rardin, 74 Okla. 146, 177 Pac. 601.

The issue in the trial was whether or not the policy was in effect when the insured died on April 9, 1926. The defendant contended that the policy had lapsed on September 22, 1925, because of nonpayment of premium, while, on the other hand, the plaintiff claimed that the policy was in force by reason of facts hereinafter related, when considered under the following agreement by the company, attached as a rider to the policy, to wit:

"After one full annual premium shall have been paid upon this policy, and before default in the payment of any subsequent premium, if the insured shall furnish the company with due proof that he had since such payment and before having attained the age of 60 years become wholly disabled by bodily injuries or disease, not occasioned by military or naval service or participation in aeronautic or submarine expeditions or operations, and will be, presumably, thereby permanently, continuously and wholly prevented from engaging in any occupation or employment whatsoever for remuneration or profit, and that such disability has then existed for not less than 60 days, then,

"1. Waiver of Premium—Commencing with the anniversary of the policy next succeeding the receipt of such proof, the company will on each anniversary waive payment of the premium for the ensuing insurance year. * * *"

The first yearly premium on the policy was paid at the time it was issued on January 22, 1923. The annual premium was also paid for the second year. For the third premium due on January 22, 1925, an obligation payable in installments was given by the insured to cover the premium and interest thereon. Payments were made by the insured on this obligation sufficient to carry the policy on that account to September 22, 1925. This is admitted by the defendant. It was the contention of plaintiff on the trial that the insured, by the terms of the rider on the policy, was not required to pay further premiums for the reason that the insured became permanently and wholly disabled by disease from engaging in any occupation or employment for remuneration or profit in April, 1925; that he suffered from tuberculosis and gradually declined in health, and died on April 9, 1926. This condition of the health of the insured was shown by plaintiff's evidence and not contradicted by defendant. The plaintiff, who was the beneficiary in the policy, testified that, at the request of her father, who realized his serious condition, she wrote a letter to the defendant about July 15 or 20, 1925, wherein she enclosed a check for $2.50; that she stated in the letter that the check was in payment of the premium on his policy till September, and that he had not been able to work since April, 1925, and that they had said they would keep the policy paid up in case he became totally disabled, and that he was expecting the company to do it. She further testified that she placed the letter and check in an envelope and addressed it to the Mid-Continent Life Insurance Company, Oklahoma City, Okla., put a two cent stamp on it. Deposited it in the postoffice at Clovis, N. M. The plaintiff then placed in evidence a card addressed to the insured at Clovis, N. M., dated July 21, 1925, acknowledging receipt of $2.50, and stating that the policy would be in force until midnight September 22, 1925, and signed in the name of the company by the cashier.

But, as stated, the defendant contended on the trial that it never received the letter which plaintiff relied on as notice; that, at least, the evidence was sufficient to raise a question for the jury on that issue, and here says that the court erred in discharging the jury without its consent and entering judgment for the plaintiff.

In this connection the secretary of the defendant company testified that he had been such secretary for 14 years, and had charge of the correspondence and file regarding the claim under the policy sued on, and he had such file in court; that he had examined the file and failed to find any such letter from plaintiff or her father in regard to his disability prior to his death. Though his testimony disclosed that the mail addressed to the company was opened by another party, yet he said that letters such as the one in question were required by the rules and practices of the office to be placed on his desk, as secretary, for his attention, and that no such letter had come to him, and that the company first became advised of the disability of the insured when it received a letter soon after his death from an attorney at Mangum, Okla., which letter is in evidence and suggested that the policy continued in force without payment of premium because of the illness of the insured.

There are other circumstances in evidence tending to establish the claims of the re-

spective parties on this most controverted issue in the case.

It is our conclusion that the letter, as testified to by plaintiff, if received, was sufficient to put defendant on notice that the insured had then been permanently disabled by disease for 60 days. If defendant desired further evidence on the question, it was its duty to request such information. Insurance Co. of N. A. v. Cochran, supra, and authorities there cited; Brown v. Fraternal Acc. Ass'n. of America (Utah) 55 Pac. 63.

However, a more serious question is presented by the assignment that the court erred in taking the case from the jury. At the conclusion of all the testimony, the defendant requested the court to instruct the jury to return a verdict in its favor and this request was overruled. Whereupon plaintiff moved for an instructed verdict. Thereupon the jury was discharged, and, upon a discussion of the testimony, the court found the issues in favor of the plaintiff and entered judgment accordingly. The defendant excepted to the action of the court in discharging the jury and deciding the case. We have concluded that this presents reversible error. The court was not authorized to discharge the jury solely for the reason that each of the parties had moved for an instructed verdict. Farmers' Nat. Bank of Tecumseh v. McCall, 25 Okla. 600, 106 Pac. 866; Taylor v. Wooden, 30 Okla. 6, 118 Pac. 372; Midland Valley R. Co. v. Lynn, 38 Okla. 695, 135 Pac. 370; Hogan v. Milburn, 44 Okla. 641, 146 Pac. 5.

As heretofore stated, if the letter was received by defendant as claimed to have been written and mailed by plaintiff, the same constituted sufficient notice of the insured's disability, in the absence of a request by defendant for more proof on the question. But we are unable to escape the conclusion that the evidence was sufficient to take the case to the jury on the question as to whether defendant actually received the letter. United States Fire Ins. Co. v. L. G. Adam Merc. Co., 117 Okla. 73, 245 Pac. 885.

Under similar circumstances in the case of Brown v. Fraternal Acc. Ass'n. (Utah) 55 Pac. 63, 65, the court said:

"When, therefore, in the case at bar, evidence was introduced showing that notice had been sent by mail, that proof was prima facie evidence of service; and when the appellant introduced evidence to show that the letter containing the notice had never been received by the insurer, it simply raised a conflict of evidence, on which it was the province of the jury to pass. In other words, the presumption of fact raised by the proof that the notice was sent by mail was a circumstance, when opposed by a denial of the receipt of the letter, to be weighed by the jury with all the other evidence in determining the question whether or not the letter was actually received."

The defendant next says that, waiving the foregoing proposition contended for, still it must prevail for the reason that the insured was required to pay the full annual premium due January 22, 1925, and only upon that was he entitled to be exempt from paying the premium due January 22, 1926.

The defendant presents the opinion of this court in the case of Mid-Continent Life Insurance Co. v. Skye, 113 Okla. 184, 240 Pac. 630, as supporting the foregoing contention. However, in that case, the court was not called on to pass upon the question here presented, and did not do so. That policy was issued March 13, 1921. The insured became permanently disabled on January 28, 1922. And though the date thereof is not shown, he made proof of his disability. He did not pay the annual premium which became due on March 13, 1922, or any part of it. He died on February 22, 1923. It is thus seen that both the premium had become due and he had died before the 60 days had elapsed from the date of his disability on January 28th. Under this state of facts, the court held that he was in default of his premium payable on March 13, 1922, which had the effect to forfeit his policy.

In this case the insured gave an installment note for the premium which had become due January 22, 1925. This was in accordance with section 4 of the policy, which provides "renewal premiums may be paid annually, semi-annually, or quarterly, in advance, as provided on the last page thereof." It is undisputed that payments were made on this installment note sufficient to extend the policy to September 22, 1925. The agreement in the rider provides "that if one full annual premium shall have been paid upon this policy and before a default in the payment of any subsequent premium," further premiums will be waived. It will be observed that it does not state before any default in any subsequent annual premium, but says "any subsequent premium."

In the case of State Life Ins. Co. v. Fann, 269 S. W. 1111, the Court of Civil Appeals of Texas had under consideration the question as to whether a policy was forfeited

for nonpayment of premium under these facts:

The policy was issued December 20, 1920, in consideration of $84.02, which was a year's premium then paid. When the next annual premium became due in December, 1921, the defendant paid $9.02 in cash, and executed three notes for $25 each, due two, four, and six months after date, respectively, with the express agreement that none of said notes was given or accepted as payment of the premium due December 20, 1921, but "that the nonpayment of any of said notes or extension thereof at maturity shall ipso facto lapse said policy," and terminate all rights under said policy. The second note, due June 20, 1922, was never paid, nor was any subsequent premium paid. The insured became insane and totally disabled on April 1, 1922, remained so, and died November 6, 1923. The policy contained the following provision:

"If the insured, after paying at least one full annual premium, and before default in the payment of any subsequent premium, and before attaining the age of 60 years, shall become wholly and permanently disabled by bodily injury or by disease, so that he is or will be permanently, continuously, and wholly prevented thereby from performing any work for compensation or profit, or from following any gainful occupation, the company, upon receipt at its home office of due proof of such disability of the insured, as may be required by the company, will grant the following benefits: First, will waive payment of premiums thereafter becoming due. * * *"

With the foregoing stipulation in the policy and the facts we have given, the opinion states the defense of the insured as follows:

"Appellant contends that the insured having given his notes in lieu of the premium, and the notes not having been paid, such failure to pay the notes on their maturity forfeited the policy. Appellant further contends that as no proof of any disability of insured was furnished to the defendant before the date of the maturity of said note, as required by the disability clause inserted in the policy by the defendant to the effect that 'upon receipt at its home office of due proof of such disability,' it would waive payment of premiums 'thereafter' coming due, and that such provision requiring such proof not having been complied with, that plaintiff is not entitled to the benefit of such disability clause."

It would seem there was an opportunity in that case, with almost as much reason as in this case, for the insurer to insist that the expression "will waive payment of premium thereafter becoming due," meant annual premiums thereafter due, which would be waived on the anniversary of the policy, and that he must have paid the full three installments for the year's premium, as is here argued; but no such contention was even suggested or made, but only that no notice of the insured's disability was given the insurer before the installment note was due June 20, 1922; that insured died in November, 1923, without ever giving any notice of his disability, or paying the last two installment notes, or any of the annual premium due December 20, 1922. The court said:

"The time for the payment of the premium having been extended by the company by the acceptance of the note of the insured, such extended time of payment cannot be considered as a matter of grace, but must be held to be a matter of right based on contract. The insurance company did not, in accepting the insured's note, reserve the right to cancel the policy at any time it saw fit, pending the maturity of the note, but bound itself to extend the time of payment to the due date of the note. Of course, upon the failure to pay the premium note when due, such failure was equivalent to a failure to pay the premium, and would work a forfeiture of the policy (Underwood v. Security Life & Annuity Co., 108 Tex. 381, 194 S. W. 585), except for the provisions of the disability clause above quoted."

The foregoing case is authority to the effect that installment payments of annual premiums are to be regarded as premiums when considering a policy which provides that the annual premiums may be paid by installments, and notes are given therefor, as was done in the present case.

Evidently the object of the provision providing for waiver of premiums, as understood by the average insured, would be to relieve him from the payment of premiums after he had been disabled for 60 days and given notice thereof. As was said in the case of National Life & Accident Ins. Co. v. Hanner (Ala.) 94 So. 259-261:

"Certainly the quoted condition of the insurance policy in question is susceptible to the foregoing construction, and it is to be remembered that a contract of insurance is to be strictly construed against the insurer and is to be liberally construed in favor of the insured, and especially with respect to forfeitures the court will adopt that construction most favorable to the insured; forfeitures for nonpayment of premiums not being favored. Manhattan Life Ins. Co. v. Parker, 204 Ala. 313, 85 So. 298; Mutual Life Ins. Co. of N. Y. v. Lovejoy, 201 Ala. 337, 78 So. 299, L. R. A. 1918D, 860; Life &

Casualty Ins. Co. v. Eubanks (Ala. App.) 94 So. 198." Bankers R. Life Co. v. Rice, 99 Okla. 184, 226 Pac. 324; Levan v. Metropolitan Life Ins. Co. (S. C.) 136 S. E. 304.

The insured had theretofore paid two annual premiums on the policy when they became due, and he was not in default in the payments of a subsequent premium at the time he became disabled, and for more than 60 days thereafter. Under these circumstances he was relieved of the payment of further premiums, provided, that 60 days after his disability accrued he gave notice of it as claimed by the plaintiff.

But, for the failure of the court to submit the case to the jury, upon the question of notice, as we have heretofore indicated, the cause is reversed and remanded.

By the Court: It is so ordered.