### J. R. WATKINS CO. v. MILLER et al.

No. 25934.   Feb. 11, 1936.

Dan Nelson and Webber, George & Owen, for plaintiff in error.

Arthur H. Dolman, for defendants in error.

PER CURIAM. This action was com-

menced by the plaintiff in the trial court, on November 23, 1933, by filing its petition in said court, and wherein it alleges 'it is a foreign corporation existing under the laws of the state of Deleware; that on or about the 26th day of February, 1932, it and the defendant William T. Miller, as principal, and the other defendants as sureties, entered into a written contract, made and delivered at Winona, Minn., a copy of which is attached to the petition; that thereafter, and in pursuance of the terms of said contract, it sold and delivered to the defendant Miller, between March 22, 1932, and April 16, 1932, upon said defendant's order and request, free on board cars at Memphis, Tenn., goods and merchandise of the value of $294.23, an itemized statement of which is attached to its petition, and prays for judgment, after allowing credits, in the sum of $286.13 against said defendants.

To said petition the defendants Miller and Jones filed their answer, denying generally the material allegations of said petition, but admitting the plaintiff is a foreign corporation and the execution of said contract as alleged, and further alleging that said contract is void and unenforceable against them for the reason that plaintiff was doing business within the state of Oklahoma for profit without first having complied with sections 5432, 5433, 5434 and 5435, C. O. S. 1921, and that the court is without jurisdiction to enforce said contract; and in addition thereto the defendant Miller, as a cross-petition, alleges that he had been damaged on account of the plaintiff's refusal to ship merchandise ordered in the sum of $315, and prayed for judgment in that amount. The cross-petition, however, was virtually abandoned at the trial and will not be further noticed. The defendant Riddle was not served, made no appearance, and passed out of the picture. The plaintiff thereafter filed its reply and answer substantially in the form of a general denial. Other pleadings were filed but do not materially change the issues. The parties will be referred to as they appeared in the trial court.

At the trial before a jury it was stipulated that the plaintiff was a foreign corporation and that it had not qualified to do business within the state of Oklahoma as required under sections 5432, 5433, 5434, C. O. S. 1921. The plaintiff then introduced its evidence, to which defendant's demurrer was overruled and exceptions saved, and thereupon defendants introduced their evidence, and both sides rest. The defendants then requested the court for a directed verdict,

and the plaintiff demurred to the evidence of the defendants. The court then took the case from the jury, denied a recovery under defendant's cross-petition, found that the defendants were indebted to the plaintiff in the sum of $285 as alleged in its petition, but further found that the plaintiff was not entitled to recover judgment for the reason it was doing business in the state without having complied with and qualified under sections 9738, 130, 131 and 132, Oklahoma Statutes 1931, to which findings and judgment both parties took exceptions. After motions for new trial filed by the plaintiff and the defendant Miller were overruled and exceptions saved, this cause was brought here upon case-made and petition in error by plaintiff for review. A number of assignments in error are set out in plaintiff's motion for new trial and petition in error, only two of which are supported by argument in its brief. They are, first, that the manner and method of conducting the business of the plaintiff was not such as constitutes "doing business" within the state of Oklahoma, as contemplated under said sections 9738, 130, 131, and 132, Oklahoma Statutes 1931, and therefore it should not be denied a recovery on said contract; and, second, that the trial court erred in withdrawing the case from the jury and making its own findings and rendering its own judgment therein. We deem it unnecessary to discuss the first proposition urged in reaching our conclusion in this case, and will therefore proceed to a consideration of the latter.

This court, in the case of Kansas City Southern Ry. Co. v. Tucker, 108 Okla. 259, 236 P. 35, states the rule as to the effect of a demurrer at the close of all of the evidence in the following words:

"Where, at the close of all of the evidence, defendant interposes a demurrer to plaintiff's evidence, same will be considered and treated as a motion to direct a verdict in favor of the defendant."

The record in this case shows that after all of the evidence had been introduced and both sides had rested, the defendants interposed a motion for a directed verdict, and. before the same was acted on by the court, the plaintiff demurred to the evidence of the defendants. Under the rule above stated this situation should have been treated as if both sides had requested a directed verdict, and the question now is, Did this constitute a waiver of a trial by jury, and a submission of the issues involved to the court? This court, in a long line of cases, has declared the rule to be otherwise. In passing on this

question in the case of Mid-Continent Life Ins. Co. v. Tackett, 149 Okla. 147, 299 P. 862, the court says in the course of its opinion:

"However, a more serious question is presented by the assignment that the court erred in taking the case from the jury. At the conclusion of all of the testimony the defendant requested the court to instruct the jury to return a verdict in its favor, and this request was overruled. Whereupon plaintiff moved for an instructed verdict. Thereupon the jury was discharged, and upon a discussion of the testimony the court found the issues in favor of the plaintiff and entered judgment accordingly. The defendant excepted to the action of the court in discharging the jury and deciding the case. We have concluded that this presents reversible error. The court was not authorized to discharge the jury solely for the reason that each of the parties had moved for an instructed verdict. Farmers Nat. Bank of Tecumseh v. McCall, 25 Okla. 600, 106 P. 866, 26 L. R. A. (N. S.) 217; Taylor v. Wooden et al., 30 Okla. 6, 118 P. 372, 36 L. R. A. (N. S.) 1018; Midland Valley R. Co. v. Lynn, 38 Okla. 695, 135 P. 370; Hogan v. Milburn, 44 Okla. 641, 146 P. 5."

When the court took the case from the jury and rendered its judgment, the effect was to sustain the defendants' motion for a directed verdict. In order to determine whether the defendants were entitled to a directed verdict, it is necessary to examine the evidence and ascertain if there was a dispute or conflict in the evidence upon a material issue involved in the case. In other words, the court may direct a verdict for plaintiff or defendant, as the one or the other may be proper, only where the evidence is undisputed or is of such a conclusive character that the court, in the exercise of a sound discretion, would be compelled to set aside a verdict in opposition to it. The defense relied upon by the defendants was solely based upon the proposition that the plaintiff, a foreign corporation, was doing business within the state of Oklahoma in such manner as to come within the operation of sections 9738, 130, 131, and 132, Oklahoma Statutes 1931. The evidence on the part of the plaintiff was to the effect that the defendant Miller and his sureties signed the contract declared upon in Oklahoma, and then forwarded it to the plaintiff company at its office in Winona, Minn., for approval and execution by the officers of the plaintiff, and that it was executed there by the company. This contract was dated February 26, 1932, and by its terms expired April 1, 1933, and might be terminated by either party on written notice to the other, and among other things

provided that the company would sell and deliver to defendant, at its current wholesale price, free on board cars at Winona, Minn., or at its option, at any of its other regular places of shipment, such merchandise as defendant might reasonably require for sale in the locality in which he was engaged or intends to engage in business, a description of such locality to be furnished the company prior to its acceptance of contract, and the defendant agrees to buy from the plaintiff the merchandise reasonably required by him, and furnish weekly reports showing amounts of his cash sales, time sales, and collections, and pay to the company its current wholesale prices and any prepaid transportation charges on merchandise sold, by remitting to the company each week at least 60 per cent. of the amount received by him from his cash sales and collections on report blanks to be furnished by the company, and that defendant may after expiration of contract return, by prepaid freight, to the company at Winona, Minn., or other places designated, any merchandise purchased by him from the company then on hand, provided same is in good condition, and company agrees to credit him for same at prevailing wholesale price, and that the defendant shall have no authority to make any representation or statement, or incur any debt, obligation, or liability of any kind in the name of or for the company, and that the company shall have no interest in any account due for goods sold by defendant. The plaintiff's evidence further shows that it received orders from defendant for goods at its office in Minnesota, and that all goods were shipped to defendant free on board of cars from its place of business in Memphis, Tenn. There was also testimony introduced by the plaintiff to the effect that the company never has at any time had any office, place of business, warehouse, officer, agent, or representative authorized to do business for it in the state of Oklahoma, and that it never has transacted any business within the state of Oklahoma, or had any person authorized to sell or distribute goods for it in the state. The testimony on the part of the defendant was to the effect that the first contact he had with the plaintiff company was by answering an advertisement in a local paper for "salesman"; that shortly after this, an agent of the company, living at Shawnee, Okla., called on him at Oklahoma City and discussed signing the contract involved in this suit, and that after he had talked to this agent some five or six times, the contract was signed by him and

sureties in Oklahoma City, and also an order for merchandise prepared by the representative which were both forwarded to the company by this agent; that the company fixed his territory, outside of which he understood he was not to sell merchandise; furnished him about 2,000 advertising circulars which he was to mail to prospective customers at his own expense; forwarded him a suggested retail price list; that all salesmen for the company had "Watkins Products" written on the side of their cars; that the company had for a time an office at 2508 South Robinson, in Oklahoma City which was similar to a drug store, with boxes in the rear, goods on display, and where salesmen could buy at the same list price as sold at Memphis, Tenn.: that this store or office had been moved to West Tenth street, and was practically the same as when it was located on South Robinson, and that these stores had signs written on the front glass, "Watkins Products Company"; that the men and these stores had been operating in Oklahoma City about a year, and that "Watkins Products Co." was listed in the telephone directory of Oklahoma City for February, 1934.

In the case of Mid-Continent Life Ins. Co. v. Tackett, supra, this court in passing on this question, in the third paragraph of the syllabus says:

"In the trial of a jury case, where the evidence of the plaintiff and defendant was in conflict upon a material question, it was error for the court to give a peremptory instruction to the jury over the objection of the losing party."

The evidence of the defendants, relative to the plaintiff maintaining and operating offices and stores in Oklahoma City and agents and salesmen for the purpose of selling and distributing their merchandise, was directly denied and disputed by the testimony introduced on behalf of the plaintiff. The question as to whether or not the plaintiff was doing business within the state in such manner as required a compliance with the statutory provisions above mentioned was a material issue in this case, and there being a direct conflict in the testimony on this point, we are forced to conclude that the trial court committed reversible error, and as a result this case must be, and is, reversed and remanded for a new trial.

The Supreme Court acknowledges the aid of Attorneys J. B. Sowder, C. C. McCollum, and Prentiss E. Rowe in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Sowder and approved by Mr. McCollum and Mr. Rowe, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BUSBY, and PHELPS, JJ., concur.